UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

Kelvin A. Cardon,
Devis O. Lobo Martinez,
Francisco Romero,
and other similarly situated individuals,

      Plaintiffs

v.

H. Design Group, LLC,
E-Development Group Corp,
Jorge A. Hoyos, and
Pablo Arce, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants H. Design Group, LLC, E-Development Group Corp, Jorge A. Hoyos, and Pablo Arce, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid minimum wages and overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero are residents of Okaloosa County, Florida, but they worked in Charlotte County, within this Honorable Court jurisdiction. Plaintiffs are covered employees for purposes of the Act.

3. Corporate Defendant H. Design Group, LLC is a Florida Corporation that performs business in Dade, Broward, and Charlotte County, within the jurisdiction of this Court. Defendant is a construction General Contractor.  At all times, Defendant was and is engaged in interstate commerce.

4. Corporate Defendant, E-Development Group, is a Florida Corporation that performs business in Dade, Broward, and Charlotte County, within the jurisdiction of this Court. Defendant is a construction General Contractor.  At all times, Defendant was and is engaged in interstate commerce.

5. The individual Defendants Jorge A. Hoyos and Pablo Arce were and are now the owners/partners/officers and managers of Defendant Corporations H. Design Group, LLC, and E-Development Group Corp, respectively.

6. Pursuant to 29 C.F.R. §791.2, Defendants H. Design Group, LLC and E-Development Group Corp are joint employers of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. All the action raised in this complaint took place in Charlotte County, Florida, within this Court's jurisdiction.

<u>Allegations Common to All Counts</u>

8. This cause of action is brought by Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero as a collective action to recover from Defendants regular wages, and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class")who were not paid regular wages, and who worked in

excess of forty (40) hours during one or more weeks on February 2021, (the "material time") without being adequately compensated.

9. Defendants H. Design Group, LLC and E-Development Group Corp are general contractors and developers constructing energy-efficient homes in Port Charlotte, FL.

10. Pursuant 29 C.F.R. §791.2, H. Design Group, LLC and E-Development Group Corp were joint employers of Plaintiffs because: 1) H. Design Group, LLC and E-Development Group Corp through its owners/managers, agents had equal and absolute control over the Plaintiffs and all other employees similarly situated, working in the Port Charlotte Project; 2) Supervisors of H. Design Group, LLC and E-Development Group Corp directed, controlled, and supervised the work performed by Plaintiffs; 3) H. Design Group, LLC and E-Development Group Corp through their supervisors, equally assigned duties to Plaintiffs and other employees similarly situated; 4) H. Design Group, LLC and E-Development Group Corp through their managers, jointly and equally determined terms and employment conditions of Plaintiffs and other employees similarly situated; 4) The work of Plaintiffs simultaneously benefited the two corporations; 5) The work performed by Plaintiff and other similarly

situated individuals was an integral part of the business operation of H. Design Group, LLC and E-Development Group Corp.

11. Therefore, because the work performed by Plaintiffs and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants H. Design Group, LLC, and E-Development Group Corp are joint employers as defined in 29 C.F.R. §791.2. They are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

12. Defendants H. Design Group, LLC and E-Development Group Corp hereinafter will be called H. Design Group, or corporate Defendant collectively.

13. Defendant H. Design Group was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a General Contractor and developer working in the construction of homes. Defendant's business activities affect interstate commerce. Defendant had more than two employees regularly engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of

interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

14. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of homes to be sold using the channels of interstate commerce. Plaintiffs and other similarly situated individuals handled and worked on goods and materials and materials that were moved across State lines at any time during business; Therefore, there is FLSA individual coverage.

15. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce Jorge A. Hoyos, and Pablo Arce hired Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, Francisco Romero as non-exempted, hourly construction employees from about February 10, 2021, to March 10, 2021, or 4 weeks.

16. Plaintiffs worked on the project located at 8175 Dittmar Street, Port Charlotte, FL 33985.

17. Plaintiffs' wage rate was set at the rate of $25.00 an hour. Plaintiff overtime should be $37.50.00 an hour.

18. Defendants employed Plaintiffs and other similarly situated individuals and subjected all of them to the same employment practices. Defendants did not pay Plaintiffs and other similarly situated individuals regular and overtime wages.

19. While employed by Defendants, Plaintiffs worked seven days per week, from Monday to Sunday the same schedule, from 7:00 AM to 5:00 PM. (10 hours daily), for a total of 70 hours weekly. Plaintiffs were not able to take bonafide lunch periods.

20. Defendants required Plaintiffs to work more than 40 hours every week. However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were not paid their regular wages and overtime hours at any rate, not even the minimum wage rate.

21. Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

22. Therefore, Defendant willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

23. Plaintiffs worked for four consecutive weeks, 70 hours weekly, but did not receive their hard-earned wages. Plaintiffs received late and partial payments,

24. Plaintiffs complained many times to the management about the lack of payment for regular and overtime hours. Every time they gave excuses, but they did not correct the problem.

25. On or about March 10, 2021, Plaintiffs were forced to leave their employment with Defendants due to lack of regular wages and overtime compensation.

26. Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero seek to recover any regular unpaid wages and overtime hours accumulated during all his relevant time of employment, liquidated damages, retaliatory damages, and any other damages, as allowable by law.

## Collective Action Allegations

27. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly

situated individuals the proper compensation for regular hours and overtime hours every at the rate of time and one-half their regular rate.

29. The additional persons who may become Plaintiffs in this action are weekly-paid employees and former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

30. Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero re-adopt every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. This action is brought by Plaintiffs and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a

workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendants H. Design Group, LLC and E-Development Group Corp are joint employers defined in 29 C.F.R. §791.2. and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

33. Defendants H. Design Group, LLC and E-Development Group Corp hereinafter will be called collectively H. Design Group or corporate Defendant.

34. Defendant H. Design Group was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

35. Plaintiffs were employed by an enterprise engaged in interstate commerce.  Plaintiffs were construction workers participating in the construction of homes to be sold using the channels of interstate commerce. Plaintiffs and other similarly situated individuals handled and worked on goods and materials and materials that were moved

across State lines at any time during business; Therefore, there is FLSA individual coverage.

36. Because of the foregoing, the Employer/Defendant H. Design Group was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

37. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce Jorge A. Hoyos, and Pablo Arce hired Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, Francisco Romero as non-exempted, hourly construction employees from about February 10, 2021, to March 10, 2021, or 4 weeks.

38. Plaintiffs' wage rate was set at the rate of $25.00 an hour. Plaintiff overtime should be $37.50.00 an hour.

39. While employed by Defendants, Plaintiffs worked seven days per week, from Monday to Sunday the same schedule, from 7:00 AM to 5:00 PM. (10 hours daily), for a total of 70 hours weekly.  Plaintiffs were not able to take bonafide lunch periods.

40. Defendants required Plaintiffs to work in excess of 40 hours every week.  However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were not paid overtime hours at any rate, not even the minimum wage rate.

41. Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

42. Therefore, Defendant willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

45. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce employed Plaintiffs for the following periods and owes them unpaid overtime wages as follows:

<u>1.- Overtime Claim of Plaintiff Devis O. Lobo Martinez</u>

46. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce employed Plaintiff Devis O. Lobo Martinez as a non-exempted, hourly construction worker from February 10, 2021, to March 10, 2021, or 4 weeks.

47. Plaintiff's wage rate was fixed at $25.00 an hour. His overtime wage rate should be $37.50.

48. Plaintiff worked 70 hours weekly, but he was not paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a. <u>Total amount of alleged unpaid wages</u>:

Four Thousand Five Hundred Dollars and 00/100 ($4,500.00)

b. <u>Calculation of such wages</u>:

Total Period of Employment:  4 weeks
Total number of hours worked weekly:  70 hours weekly

Total number of overtime hours:  30 O/T hours weekly
Total number of unpaid overtime hours: 30 O/T hours weekly
Regular rate:  $25.00 x hour x 1.5 = $37.50 O/T rate
O/T rate: $37.50

O/T rate $37.50 x 30 O/T hours=$1,125.00 weekly x 4 weeks = $4,500.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents the unpaid overtime hours.

## 2.- Overtime Claim of Plaintiff Kelvin A. Cardon,

49. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce employed Plaintiff Kelvin A. Cardon as a non-exempted, hourly construction worker from February 10, 2021, to March 10, 2021, or 4 weeks.

50. Plaintiff's wage rate was fixed at $25.00 an hour. His overtime wage rate should be $37.50.

51. Plaintiff worked 70 hours weekly, but he was not paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a.  <u>Total amount of alleged unpaid wages</u>:

        Four Thousand Five Hundred Dollars and 00/100 ($4,500.00)

    b.  <u>Calculation of such wages</u>:

        Total Period of Employment:  4 weeks
        Total number of hours worked weekly:  70 hours weekly
        Total number of overtime hours:  30 O/T hours weekly
        Total number of unpaid overtime hours: 30 O/T hours weekly
        Regular rate:  $25.00 x hour x 1.5 = $37.50 O/T rate
        O/T rate: $37.50

        O/T rate $37.50 x 30 O/T hours=$1,125.00 weekly x 4 weeks = $4,500.00

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

        This amount represents the unpaid overtime hours.

<u>3.- Overtime Claim of Plaintiff Francisco Romero,</u>

52. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce employed Plaintiff Francisco A. Romero as a non-exempted, hourly construction worker from February 10, 2021, to March 10, 2021, or 4 weeks.

53. Plaintiff's wage rate was fixed at $25.00 an hour. His overtime wage rate should be $37.50.

54. Plaintiff worked 70 hours weekly, but he was not paid for all his working hours. Defendants did not pay Plaintiff his overtime hours

at the rate of time and one-half his regular rate for every hour worked

over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a.  <u>Total amount of alleged unpaid wages</u>:

      Four Thousand Five Hundred Dollars and 00/100 ($4,500.00)

    b.  <u>Calculation of such wages</u>:

      Total Period of Employment:  4 weeks
      Total number of hours worked weekly:  70 hours weekly
      Total number of overtime hours:  30 O/T hours weekly
      Total number of unpaid overtime hours: 30 O/T hours weekly
      Regular rate:  $25.00 x hour x 1.5 = $37.50 O/T rate
      O/T rate: $37.50

      O/T rate $37.50 x 30 O/T hours=$1,125.00 weekly x 4 weeks = $4,500.00

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents the unpaid overtime hours

55. At all times, the Employers/Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay Plaintiff at the rate of time and one half for

all hours worked over forty hours (40) per workweek as provided in said Act.

56. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

57. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

58. At the time mentioned, individual Defendants Jorge A. Hoyos and Pablo Arce were now the owners/partners/managers of H. Design Group. Defendants Jorge A. Hoyos and Pablo Arce were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of H. Design Group concerning its employees, including Plaintiffs and

others similarly situated.  Defendants Jorge A. Hoyos and Pablo Arce had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

59. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendant, as set forth above.

60. Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, Francisco Romero, and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero, and other similarly situated and against the Defendants H. Design Group, Jorge A. Hoyos and Pablo Arce, based on Defendants' willful violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, Francisco Romero, and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

61. Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero re-adopt every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

62. This action is brought by Plaintiffs to recover from the Employers unpaid minimum wages, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

63. Defendants H. Design Group, LLC and E-Development Group Corp are joint employers defined in 29 C.F.R. §791.2. and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

64. Defendants H. Design Group, LLC and E-Development Group Corp hereinafter will be called collectively H. Design Group or corporate Defendant.

65. Defendant H. Design Group was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

66. Plaintiffs were employed by an enterprise engaged in interstate commerce.  Plaintiffs were construction workers participating in the construction of homes to be sold using the channels of interstate commerce. Plaintiffs and other similarly situated individuals handled and worked on goods and materials and materials that were moved across State lines at any time during business; Therefore, there is FLSA individual coverage.

67. Because of the foregoing, the Employer/Defendant H. Design Group was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 206).

68. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce Jorge A. Hoyos, and Pablo Arce hired Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, Francisco Romero as non-exempted, hourly construction employees from about February 10, 2021, to March 10, 2021, or 4 weeks.

69. Plaintiffs' wage rate was set at the rate of $25.00 an hour. Plaintiff overtime should be $37.50.00 an hour.

70. While employed by Defendants, Plaintiffs worked seven days per week, from Monday to Sunday, a total of 70 hours weekly. Plaintiffs were not able to take bonafide lunch periods.

71. Defendants required Plaintiffs to work in excess of 40 hours every week. However, Defendants did not pay Plaintiffs for all their hours worked. Plaintiffs were not paid their regular wages for two weeks. There is a substantial number of hours not paid to Plaintiffs at any rate, not even at the minimum wage rate.

72. Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

73. Therefore, Defendant willfully failed to pay Plaintiffs minimum wages in violation of the Fair Labor Standards Act.

74. On or about March 10, 2021, Plaintiffs were forced to leave their employment because they worked 70 hours weekly, but they did not receive their hard-earned wages.

75. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief,

Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.  Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

76. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

77. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce employed Plaintiffs for the following periods and owes them minimum wages as follows:

   <u>1.- Minimum Wages Claim of Plaintiff Devis O. Lobo Martinez</u>

78. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce employed Plaintiff Devis O. Lobo Martinez as a non-exempted, hourly construction worker from February 10, 2021, to March 10, 2021. Plaintiff's wage rate was $25.00 an hour.

79. Plaintiff worked an average of 70 hours weekly, but Defendants did not pay Plaintiff his regular wages for 4 weeks, in violation of the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

* Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Six Hundred Ninety-Two Dollars and 00/100 ($692.00)

b. <u>Calculation of such wages</u>:

Total Period of Employment:  4 weeks
Total number of hours worked weekly:  70 hours
Total number of unpaid weeks: 2 weeks
Regular rate:  $25.00
Fl. Minimum wage rate 2021: $8.65 an hour

FL min. wage $8.65 x 40 hours=$346.00 weekly x 2 weeks=$692.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents the regular unpaid wages at Florida Minimum wage rate.


<u>2.- Minimum Wages Claim of Plaintiff Kelvin A. Cardon</u>

80. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce employed Plaintiff Kelvin A. Cardon as a non-exempted, hourly construction worker from February 10, 2021, to March 10, 2021. Plaintiff's wage rate was $25.00 an hour.

81. Plaintiff worked an average of 70 hours weekly, but Defendants did not pay Plaintiff his regular wages for 4 weeks, violating the Fair Labor Standards Act.

 *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

 * Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Six Hundred Ninety-Two Dollars and 00/100 ($692.00)

    b. <u>Calculation of such wages</u>:

       Total Period of Employment:  4 weeks
       Total number of hours worked weekly:  70 hours
       Total number of unpaid weeks: 2 weeks
       Regular rate:  $25.00
       Fl. Minimum wage rate 2021: $8.65 an hour

       FL min. wage $8.65 x 40 hours=$346.00 weekly x 2 weeks=$692.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents the regular unpaid wages at Florida Minimum wage rate.

     <u>3.- Minimum Wages Claim of Plaintiff Francisco Romero,</u>

82. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce employed Plaintiff Francisco Romero as a non-exempted, hourly

construction worker from February 10, 2021, to March 10, 2021.

Plaintiff's wage rate was $25.00 an hour.

83. Plaintiff worked an average of 70 hours weekly, but Defendants did

not pay Plaintiff his regular wages for 4 weeks, violating the Fair

Labor Standards Act.

 *Please note that these amounts are based on a preliminary
calculation and that these figures could be subject to modification as
new evidence could dictate.
 * Florida's minimum wage for 2021 is $8.65, which is higher than the
Federal minimum wage. As per FLSA regulations, the higher
minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

     Six Hundred Ninety-Two Dollars and 00/100 ($692.00)

   b. <u>Calculation of such wages</u>:

     Total Period of Employment:  4 weeks
     Total number of hours worked weekly:  70 hours
     Total number of unpaid weeks: 2 weeks
     Regular rate:  $25.00
     Fl. Minimum wage rate 2021: $8.65 an hour

     FL min. wage $8.65 x 40 hours=$346.00 weekly x 2
     weeks=$692.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

     This amount represents the regular unpaid wages at Florida
     Minimum wage rate.

84. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce unlawfully failed to pay minimum wages to Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero.

85. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs" employment with Defendant as set forth above. Plaintiffs are entitled to recover double damages.

86. At the time mentioned, individual Defendants Jorge A. Hoyos and Pablo Arce were now the owners/partners/managers of Florida H. Design Group. Defendants Jorge A. Hoyos and Pablo Arce were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in H. Design Group's interests concerning its employees, including Plaintiffs and others similarly situated.  Defendants Jorge A. Hoyos and Pablo Arce had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

87. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce willfully and intentionally refused to pay Plaintiffs minimum wages as required by the law of the United States and remain owing Plaintiffs these minimum wages as set forth above.

88. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs and against the Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and

just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, Francisco Romero, and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## **COUNT III**
## **FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS**

89. Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero re-adopt every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

90. Defendants H. Design Group, LLC and E-Development Group Corp are joint employers defined in 29 C.F.R. §791.2. and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

91. Defendants H. Design Group, LLC and E-Development Group Corp hereinafter will be called collectively H. Design Group or corporate Defendant.

92. Defendant H. Design Group was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

93. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of homes to be sold using the channels of interstate commerce. Plaintiffs and other similarly situated individuals handled and worked on goods and materials and materials that were moved across State lines at any time during business; Therefore, there is FLSA individual coverage.

94. Because of the foregoing, the Employer/Defendant H. Design Group was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

95. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

96. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

97. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceeding under or related to this Chapter."

98. Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce hired Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero as non-exempted hourly construction employees from about August 03, 2020, to September 17, 2020, or 6 weeks.

99. Plaintiffs' wage rate was set at $25.00 an hour. Plaintiff overtime should be $37.50 an hour.

100.    While employed by Defendants, Plaintiffs worked seven days per week, from Monday to Saturday, a total of 70 hours weekly.

101.    Defendants required Plaintiffs to work more than 40 hours every week.  However, Defendants did not pay Plaintiffs for overtime hours at any rate, not even the minimum wage rate, as required by the FLSA.

102.    Defendants paid Plaintiff late and partial payments.

103.    Furthermore, Defendants did not pay Plaintiffs for all their hours worked for two weeks.

104.    Plaintiffs did not clock in and out, but Defendants closely monitored them, and they were able to track the hours worked by Plaintiffs and other similarly situated employees.

105.     Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

106.     Plaintiffs complained many times to the management about the lack of payment for regular and overtime hours, every time they gave excuses, but they did not correct the problem.

107.     On or about March 10, 2021, Plaintiffs were forced to leave their employment with Defendants due to lack of payment for regular wages and overtime hours.

108.     Defendants denied the payment of regular and overtime hours, and Plaintiffs could not continue working 70 hours weekly without adequate payment.

109.     Thus, on or about March 10, 2021, Plaintiffs were constructively discharged because Defendants deliberately created unfair working conditions that any reasonable person could not accept, and Plaintiffs were forced to resign.

110.    At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiffs constructively.

111.    At the time mentioned, individual Defendants Jorge A. Hoyos and Pablo Arce were and are now the owners/partners/managers of H. Design Group. Defendants Jorge A. Hoyos and Pablo Arce were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in H. Design Group's interests concerning its employees, including Plaintiffs and others similarly situated.  Defendants Jorge A. Hoyos and Pablo Arce had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

112.    The motivating factor which caused the Plaintiffs' constructive discharge as described above was their complaints seeking unpaid regular and overtime wages from the Defendants.  In other words, Plaintiff would not have been constructively discharged but for their complaints about unpaid regular and overtime wages.

113.     The Defendants' constructive discharge of the Plaintiffs was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiffs have been damaged.

114.     Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero have retained the law offices of the undersigned attorney to represent them in this action, and they are obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, Francisco Romero respectfully requests that this Honorable Court:

A.  Enter judgment against the Defendants H. Design Group, Jorge A. Hoyos, and Pablo Arce, that Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco Romero recover compensatory damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B.  That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

C.  Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D.  Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco

Romero further pray for such additional relief as the interests of

justice may require.

<u>Demand for a Jury Trial</u>

Plaintiffs Devis O. Lobo Martinez, Kelvin A. Cardon, and Francisco

Romero demand trial by a jury of all issues triable as of right by a jury.

Dated:  May 31, 2021

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:         (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*